NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINAXIBEN TALSANIA, | Hon. Harold A. Ackerman |
| Plaintiff, | Civil Action No. 05-3892 |
| v. | **MEMORANDUM OPINION** |
| KOHL'S DEPARTMENT STORE, INC., | |
| Defendant. | |

Glenn C. Slavin, Esq.
SLAVIN & MORSE, LLC
234 Main Street
Woodbridge, New Jersey 07095
*Attorneys for Plaintiffs*

James Louis Sonageri, Esq.
Neil S. Weiner, Esq.
SONAGERI & FALLON
411 Hackensack Avenue
Hackensack, New Jersey 07601
*Attorneys for Defendant Kohl's Department Store*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on Plaintiff's motion (Doc. No. 54) for additur or, in the alternative, for a new trial. Also before the Court is Plaintiff's motion (Doc. No. 55) to alter judgment to include costs and prejudgment interest. For the following reasons, this Court will deny Plaintiff's motion for a new trial and/or additur and grant in part Plaintiff's motion to amend judgment.

1

*Background*

The instant motions arise from a jury verdict in favor of Plaintiff Minaxiben Talsania, whom the jury determined had sustained injuries during a slip-and-fall accident that occurred at a Kohl's Department Store in Secaucus, New Jersey on December 6, 2003. After a three-day trial, the jury awarded Plaintiff $8,000 for her injuries. Yet, because the jury found that Plaintiff's negligence proximately caused 50% of her injuries, the Court on June 8, 2009 reduced Plaintiff's damages by that percentage pursuant to N.J. Stat. Ann. § 2A:15-5.1 and entered judgment on a final award of $4,000.

Plaintiff now moves, pursuant to New Jersey law, for additur, or in the alternative for a new trial. Additionally, Plaintiff moves to amend the final judgment to include costs in the amount of $7,322.01 and prejudgment interest in the amount of $720. Defendant opposes both additur and a new trial, but does not oppose Plaintiff's request for costs and prejudgment interest. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

*Analysis*

The parties devote much of their argument to debating the availability of the state-law remedy additur in this federal forum. Indeed, the Supreme Court's decision in *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996), appears to have cast doubt upon its prior determination in *Dimick v. Schiedt*, 293 U.S. 474, 486–87 (1935) that the Seventh Amendment barred the remedy of additur in federal court. *See Gasperini*, 518 U.S. at 430–34 & n.16 (recognizing *Dimick*'s constitutional ruling barring additur, but noting that the dissent in that case "[i]nvit[ed] rethinking of the additur question," while upholding federal application of New York's law permitting judicial review of the excessiveness and inadequacy of jury awards); *cf.*

2

*Hayes v. Cha*, 338 F. Supp. 2d 470, 497 & n.10 (D.N.J. 2004) (construing *Gasperini* to uphold the Seventh Amendment bar on additur). However, this Court need not definitively rule on the availability of additur in federal courts, because, as a threshold matter, Plaintiff has failed to establish the need for a new trial. *See, e.g.*, *Tronolone v. Palmer*, 224 N.J. Super. 92, 97–98 (App. Div. 1988) (explaining that additur serves as an alternative remedy to granting a new trial) (citations omitted).

Both federal law and New Jersey law allow for a new trial where the jury verdict shocks the conscience, and enforcement of the same would result in a miscarriage of justice. *E.g.*, *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993); *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991); *Carey v. Lovett*, 132 N.J. 44, 66 (1993); *Baxter v. Fairmont Food Co.*, 74 N.J. 588, 596 (1977). Naturally, trial judges should proceed with caution in considering a motion for a new trial, because the motion beseeches a court to "substitute[] [its] judgment of the facts and the credibility of the witnesses for that of the jury." *Klein*, 992 F.2d at 1290 (quoting *Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90 (3d Cir. 1960)). Thus, the Court views the evidence in the light most favorable to the nonmoving party. *See, e.g.*, *Caldwell v. Haynes*, 136 N.J. 422, 432 (1994). Plaintiff argues that the jury award of $8,000 in this case was legally inadequate, so as to shock the conscience, in light of the undisputed evidence that she suffered the following injuries as a result of her fall at Defendant's store: a frozen right shoulder that required a manipulation under anesthesia to correct, a fractured right radial head that required surgical excision, and an ulnar variance to her right wrist as a result of the shortening of her radius. (Pl.'s Br. at 9–11.) The Court is not persuaded.

During the trial, Plaintiff and Defendant each presented the expert testimony of an

orthopedic physician who had diagnosed Mrs. Talsania's condition. The doctors disagreed on the extent of the injury, in terms of the degree of continuing pain, the likelihood of future operations, and the permanent loss of motion in the right arm. Plaintiff presented absolutely no evidence that would serve as a guidepost for quantifying the injuries she sustained. There was no evidence of specific damages in the form of medical bills or lost wages, and Plaintiff did not present any aggravating factors, such as loss of consortium. The only evidence of damages Plaintiff submitted in this case was the expert opinion of Plaintiff's reviewing physician and the testimony of Mrs. Talsania and her family concerning her continuing pain and inability to perform household chores. Plaintiff relies on a number of judgments and settlements in purportedly similar negligence actions that resulted in significantly larger awards for the victim, but those cases have little persuasive impact in light of the unique facts of the injury and the dearth of damages evidence presented in this case. Viewing all of the evidence in this case in the light most favorable to the verdict, as this Court must, the Court cannot say as a matter of law that an $8,000 verdict shocks the conscience. The jury had the opportunity to assess the credibility of all of the witnesses, including Mrs. Talsania, and this Court has no reason to supplant its judgment for that of the jury. For these reasons, the Court will deny Plaintiff's motion for a new trial. Consequently, the Court need not consider the alternative remedy of additur.

With regard to Plaintiff's motion to amend judgment to include costs and prejudgment interest, this Court will deny Plaintiff's request for costs as improperly filed, but the Court will award prejudgment interest in the amount of $560. Pursuant to Local Civil Rule 54.1(a), Plaintiff as the prevailing party shall file a Bill of Costs and Disbursements with the Clerk of the

Court "within 30 days of the filing of an order dispositive of the last of any timely-filed post-trial motions." Because the accompanying Order disposes of Plaintiff's last post-trial motion, Plaintiff may file a Bill of Costs and Disbursements, along with supporting documentation required by Local Rule 54.1(b), with the Clerk of the Court within 30 days from the date of the Order. Plaintiff shall consult Local Civil Rule 54.1(g) for guidance on taxable costs.

The matter of prejudgment interest in this diversity action is governed by New Jersey law. *E.g.*, *W.A. Wright, Inc. v. KDI Sylvan Pools, Inc.*, 746 F.2d 215, 219 (3d Cir. 1984). New Jersey law provides for prejudgment interest in tort actions, dated from the latter of the date of the complaint and the date that the cause of action accrued. N.J. Court Rule 4:42-11(b); *see also J & R Ice Cream Corp. v. Cal. Smoothie Licensing Corp.*, 31 F.3d 1259, 1267 (3d Cir. 1994). In this case, the applicable starting date is the date of the Complaint, July 6, 2005. In accordance with subdivisions (a) and (b) of Court Rule 4:42-11, the Court bases the interest rate on the average rates of return for the State of New Jersey Cash Management Fund (State accounts) reported by the Division of Investment in the New Jersey Department of the Treasury, *available at* http://www.nj.gov/treasury/doinvest/rate1.html (last visited Sept. 2, 2009). Accordingly, the Court will award prejudgment interest on the $4,000 award from the date of the Complaint until the date of the final Judgment as follows:

| Year | Interest Rate | Interest Accrued |
|---|---|---|
| July 2005–December 2005 | 1% | $20.00 |
| 2006 | 2% | $80.00 |
| 2007 | 4% | $160.00 |

| 2008 | 5.5% | $220.00 |
| January 2009–June 2009 | 4% | $80.00 |

**Total Prejudgment Interest: $560.00**

*Conclusion*

For the aforementioned reasons, this Court will deny Plaintiff's motion for a new trial and/or additur and grant in part Plaintiff's motion to amend judgment. To the extent that Plaintiff seeks to amend the judgment to include prejudgment interest, the Court will grant Plaintiff's motion. To the extent that Plaintiff seeks to amend the judgment to include costs, the Court will deny the motion as improperly submitted. An appropriate form of order accompanies this Memorandum Opinion.

Newark, New Jersey
September 2, 2009

/s/ Harold A. Ackerman
U.S.D.J.